IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| DON WILKERSON, *individually and on behalf of all others similarly situated*, | § § § | |
| Plaintiff, | § § § | |
| v. | § § | 1:26-CV-738-RP |
| VITAL FARMS, INC., et al., | § § § | |
| Defendants. | § § | |

## **ORDER**

Before the Court are the Motions for Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Counsel of Movants Matthew Roy ("Roy"), (Dkt. 11); Firemen's Retirement System of St. Louis ("Firemen's Retirement System"), (Dkt. 12); Xiaohu Wang ("Wang"), (Dkt. 14); and Richard Maddock ("Maddock"), (Dkt. 16)[1]. Roy filed a Notice of Non-Opposition to Competing Lead Plaintiff Motions, (Dkt. 17); Wang responded to Maddock's Motion and the Firemen's Retirement System's Motion, (Dkt. 20); and the Firemen's Retirement System also filed a Notice of Non-Opposition Concerning Competing Plaintiff's Motions, (Dkt. 21). After considering the parties' motions, the briefing, and the relevant evidence, the Court enters the following order.

## **I. BACKGROUND**

Plaintiff Don Wilkerson ("Plaintiff") brought this Class Action Complaint against Defendants Vital Farms, Inc. ("Vital Farms"), Russel Diez-Canseco, and Thilo Wrede (collectively, "Defendants") on March 27, 2026 "on behalf of persons or entities who purchased or otherwise acquired publicly traded Vital Farms securities between May 8, 2025 and February 26, 2026." (Compl., Dkt. 1, at 1). "Plaintiff seeks to recover compensable damages caused by Defendants'

---

[1] Maddock appears to have filed a duplicate version of this motion, (*see* Dkt. 15), which the Court will dismiss as moot.

violations of the federal securities laws under the Securities Exchange Act of 1934 (the 'Exchange Act')." (*Id.* at 1–2).

Vital Farms, a company headquartered in Austin, Texas, purports to be the leading U.S. brand of pasture-raised eggs and second largest egg brand in the United States by retail dollar sales, with a focus on ethically produced food. (*Id.* at 2–3). According to the Complaint, Defendants made false and/or misleading statements and/or failed to disclose that: "(1) Vital Farms downplayed the risks of delay associated with the roll out of its new enterprise resource planning ("ERP") system as merely hypothetical; (2) when the ERP roll out caused delays, Vital Farms downplayed the impact of the delay; (3) in truth, the delays caused Vital Farms to miss its full year 2025 earnings guidance and earnings per share ("EPS") consensus; and (4) as a result, Defendants' statements about Vital Farms' business, operations, and prospects were materially false and misleading and/or lacked a reasonable basis at all times." (Wang Mem. of Law, Dkt. 14-1, at 2).

On February 26, 2026, Vital Farms filed its annual Form 10-K for the fiscal year ending on December 28, 2025 which revealed that revenue for fiscal year 2025 was $759,444,000, missing its guidance of $775,000,000 and that the company missed its EPS consensus, reporting $0.35 versus market consensus of $0.39. (*Id.*). Accordingly, Plaintiffs allege that "[a]s a result of Defendants' wrongful acts and omissions, and the precipitous decline in market value of the Company's securities," the Class members suffered significant losses and damages. (*Id.* at 3).

## II. LEGAL STANDARD

The Private Securities Litigation Reform Act of 1995 ("PSLRA") requires that the court "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be the most capable of adequately representing the interests of class members." *See* 15 U.S.C. § 78u-1(a)(3)(B)(i). In making this determination, the court is guided by the "rebuttable presumption . . . that the most adequate plaintiff . . . is the person or group of persons that—(aa) has

either filed the complaint or made a motion in response to a notice [that is published no later than twenty days after the complaint is filed] . . . ; (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See* 15 U.S.C. § 78u-1(a)(3)(B)(iii)(I). Only class members that either filed a complaint or a motion by the statutory deadline are eligible to be appointed as lead plaintiff. *See id.* § 78u-4(a)(3)(B)(iii)(I)(aa). As for the selection of lead counsel, the PSLRA states that "[t]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v).

### III. DISCUSSION

The Court notes at the outset that both Roy and the Firemen's Retirement System agreed in their Non-Opposition Notices, (*see* Roy's Non-Opposition Notice, Dkt. 17; Firemen's Retirement System's Non-Opposition Notice, Dkt. 21), that Wang claims the largest financial interest in the relief sought by the class. Considering together Roy's and the Firemen's Retirement's System non-oppositions, the record, the relevant law, and Wang's response in opposition to Maddock's Motion, (Dkt. 20), the Court concludes that Wang is the most adequate plaintiff to be appointed as lead plaintiff because he is the "person or group of persons" that has "the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). *See Robison v. Digital Turbine, Inc.*, No. 1:22-CV-00550-DAE, 2022 WL 17881476, at *9 (W.D. Tex. Dec. 19, 2022). *See generally In re Mersho*, 6 F.4th 891, 899 (9th Cir. 2021) ("If the presumption is not rebutted, the presumptively most adequate plaintiff must be selected as lead plaintiff.") (citing 15 U.S.C. § 78u-4(a)(3)(B)(ii)). Wang lost approximately $1,127,439.64 in connection with his purchases of Vital Farms securities, (Wang Mem. of Law, Dkt. 14-1, at 4). Because Wang sustained the largest loss compared to the other movants, Wang has sufficiently

demonstrated that he "has the greatest financial interest in the litigation." *Pang v. Levitt*, No. 1:22-CV-1191-LY, 2023 WL 11999259, at *2 (W.D. Tex. Mar. 7, 2023).

"Although the inquiry at this stage of the litigation in selecting the Lead Plaintiff is not as searching as the one triggered by a subsequent motion for class certification, the proposed Lead Plaintiff must make at least a preliminary showing that it has claims that are typical of those of the putative class and has the capacity to provide adequate representation for those class members." *In re Enron Corp. Sec. Litig.*, 206 F.R.D. 427, 441 (S.D. Tex. 2002). "For purposes of selecting a lead plaintiff in securities class actions, the typicality and adequacy requirements of Rule 23 'are the only relevant provisions' the court must examine." *Pang*, 2023 WL 11999259, at *2 (citation omitted).

The Court finds first that Wang satisfies the typicality requirement of Rule 23, in that his claims and those of all other class members "arise out of the same event or course of conduct as the other proposed class members, or are based on the same legal theory." *Welsh v. Navy Fed. Credit Union*, No. 5:16-CV-1062-DAE, 2018 WL 7283639, at *6 (W.D. Tex. Aug. 20, 2018) (citations and quotations omitted); (*see* Wang Mem. of Law, Dkt. 14-1, at 6 ("Movant and all members of the class allege that Defendants violated the Exchange Act by publicly disseminating false and misleading statements concerning Vital Farms and its business")).

The Court also finds that Wang satisfies the adequacy requirement—he has "communicated with competent, experienced counsel concerning this case"; "is not aware that any conflict exists between his claims and those asserted on behalf of the [c]lass"; and "also sustained substantial financial losses from investments in [Vital Farms] securities and is, therefore, extremely motivated to pursue claims in this action." (Wang Mem. of Law, Dkt. 14-1, at 7).

Given that Wang filed a timely motion to be appointed lead plaintiff, is the movant with the largest financial interest in the case and satisfies the typicality and adequacy requirements of Rule 23, the Court finds that Wang should be named lead plaintiff.

Finally, Wang asks the Court to approve of his selection of the Rosen Law Firm P.A. ("Rosen Law") as lead counsel for the class and Condon Tobin Sladek Sparks Nerenberg PLLC ("Condon Tobin") as liaison counsel. (Wang Mem. of Law, Dkt. 14-1, at 1). The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the Court's approval. 15 U.S.C. § 78u-4(a)(3)(B)(v). Having reviewed Rosen Law and Condon Tobin's resumes, the Court approves of Wang's selection of Rosen Law as lead counsel and Condon Tobin as liaison counsel, given the firms' prior experiences "in the area of securities litigation and class actions" and successful prosecutions of many "securities litigations and securities fraud class actions on behalf of investors." (Wang Resp., Dkt. 20, at 5; *see* Resumes, Dkts. 14-6, 14-7).

### IV. CONCLUSION

Accordingly, **IT IS ORDERED** that Wang's Motion for Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Counsel, (Dkt. 14), is **GRANTED**.

**IT IS FURTHER ORDERED** that Wang is **APPOINTED** to serve as Lead Plaintiff in this action pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995.

**IT IS FURTHER ORDERED** that Wang's selection of Lead Counsel is **APPROVED**. The Rosen Law Firm P.A. is **APPOINTED** as Lead Counsel for the Class. Condon Tobin Sladek Sparks Nerenberg PLLC is **APPOINTED** as Liaison Counsel for the Class.

**IT IS FINALLY ORDERED** that Roy's Motion, (Dkt. 11); Firemen Retirement System's Motion, (Dkt. 12); and Maddock's Duplicative Motions, (Dkts. 15, 16) are dismissed as **MOOT**.

**SIGNED** on July 1, 2026.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE